Charles C. Bassine v. Commissioner.
Bassine v. Commissioner
Docket No. 21136.
United States Tax Court
1951 Tax Ct. Memo LEXIS 76; 10 T.C.M. (CCH) 964; T.C.M. (RIA) 51298; October 9, 1951
*76 Throughout the taxable year 1944, Beulah K. Bassine, wife of petitioner, was a bona fide member of the partnership conducted under the name of Mylan Manufacturing Co., and respondent erred in taxing to petitioner her share of the partnership income for that year. Cecil Sims, Esq., 1000 American Trust Bldg., Nashville, Tenn., and W. W. Berry, Esq., for the petitioner. Percy C. Young, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: This proceeding involves a deficiency in income tax for the calendar year 1944 in the amount of $66,128.05, not all of which is in controversy. The sole issue is whether the respondent erred in determining that Beulah K. Bassine was not a bona fide member of the partnership known as the Mylan Manufacturing Co., Sparta, Tennessee, during the taxable period involved. The case was submitted on a partial stipulation of facts, oral testimony and exhibits. The stipulated facts are found accordingly. Findings of Fact Petitioner, a resident of Sparta, Tennessee, filed his income tax return for the year involved with the collector of internal revenue for the district of Tennessee. In 1933, petitioner *77 married Beulah Kinsman. At that time he was employed by a shirt manufacturer, chiefly in the capacity of salesman. On or about May 21, 1936, petitioner caused to be incorporated under the laws of the State of New York Charles C. Bassine Co., Inc., with an authorized capital of 200 shares of common stock of the par value of $100 each. On or about May 29, 1936, the charter was amended to authorize the issuance of 200 shares of common stock of the par value of $100 each and 300 shares of preferred stock of the par value of $100 each. The corporation engaged in the manufacture and sale of men's and boys' shirts, pajamas and other textile products. Petitioner invested $20,000, and his wife, Beulah K. Bassine, invested $5,000 in the capital stock of Charles C. Bassine Co., Inc. On May 29, 1936, three certificates of stock were issued to petitioner, two for 100 shares each of the common stock and a third for 50 shares of perferred stock. No other stock was ever issued. When Beulah K. Bassine invested $5,000 in Charles C. Bassine Co., Inc., she had an oral understanding with petitioner that she would share the profits and losses of such business on a basis of 20 per cent to her and *78 80 per cent to petitioner. In October 1936, Charles C. Bassine Co., Inc., borrowed from Beulah K. Bassine $1,000. This loan was carried on the books as a loan and was repaid on October 30, 1936. On or about July 29, 1935, Mylan Manufacturing Co., Inc., with issued capital stock of $15,000, was incorporated under the laws of the State of New York by Arthur Yaspan for the purpose of engaging in the manufacture of men's and boys' shirts, pajamas and other textile products. On or about October 27, 1936, Charles C. Bassine Co., Inc., were consolidated or merged under the name of the latter corporation. The merger was caused largely by the desire to increase working capital. The authorized capital stock consisted of 450 shares of preferred and 300 shares of common stock, both preferred and common having a par value of $100 each. A certificate for 150 shares of common stock was issued to Arthur Yaspan in exchange for two certificates for 75 shares each of the capital stock of Mylan Manufacturing Co., Inc. A certificate for 150 shares of common stock and a certificate for 100 shares of preferred stock were issued in the name of Charles C. Bassine in exchange for the 200 shares of *79 common and 50 shares of preferred stock of Charles C. Bassine Co., Inc. On December 2, 1937, a certificate for 50 shares of the preferred stock of the new corporation was issued to Arthur Yaspan. No additional shares of the stock of the new corporation were issued. The directors of Mylan Manufacturing Co., Inc., were petitioner, his wife, Beulah K. Bassine, Arthur Yaspan and his wife, Aileen S. Yaspan. On or about October 31, 1938, all of the assets and property of Mylan Manufacturing Co., Inc., transferred to L. V. Myles, Arthur Yaspan and Charles C. Bassine as copartners doing business under the firm name and style of Mylan Manufacturing Co., a limited partnership formed under the laws of the State of Tennessee. Arthur Yaspan and Charles C. Bassine were designated in the partnership agreement as the general partners, and L. V. Myles was designated as the limited partner. The assets of the corporation which were transferred to the partnership were valued at $50,000 and were set up on the books of the partnership at $50,000. The partnership agreement recites that this amount was the capital contribution of Arthur Yaspan and Charles C. Bassine to the partnership. L. V. Myles *80 contributed $25,000 in cash to the partnership as her capital contribution. The business of Mylan Manufacturing Co., Inc., was thereupon discontinued and a certificate of dissolution was duly filed in the office of the Secretary of State of New York on or about April 19, 1939. The principal reason for the formation of the partnership was the need for additional capital. L. V. Myles refused to invest in a corporation where she was a minority stockholder, but agreed to invest $25,000 in the business as a limited partner. In 1940, petitioner had a serious automobile accident and was injured. At this time Beulah K. Bassine had no written evidence of her interest in the business, but, largely because of the accident, she became aware of the fact that in the event of the death of petitioner she might have difficulty in establishing her interest in the business, and she insisted to petitioner that something be done to protect her against such an eventuality. Petitioner agreed that his wife's interest in the business should be recognized in writing and he held a conference with Arthur Yaspan and others for the express purpose of having the partnership agreement amended so as to name Beulah *81 K. Bassine as a partner. Arthur Yaspan objected and refused on the ground that his wife would also have to be admitted, and he did not wish that done at that time. Subsequently petitioner had a second automobile accident and was injured, and as a result of this accident Beulah K. Bassine insisted that the matter be brought to a conclusion regarding her interest in the company. A second conference was held, at which petitioner insisted that his wife be admitted as a partner with the other partners and it was agreed by all of the partners that a new partnership agreement would be prepared and executed, which would be effective beginning November 1, 1942, the beginning of the next fiscal year of the business. After it was agreed that the partnership agreement would be amended as of October 31, 1942, for the purpose of naming Beulah K. Bassine as a partner, petitioner instructed his accountant or auditor, Sam Weissman, to calculate Beulah K. Bassine's equity in the business on the basis of 20 per cent of the investment in the name of petitioner. This calculation was to be made as of October 31, 1942. Weissman made the calculation and reported Beulah K. Bassine's interest to be $58,822.28. *82 Petitioner made a settlement with his wife by turning over to her funds aggregating $58,500. The amount of the settlement which petitioner turned over to his wife represented 20 per cent of the net profits of the business from the organization of Charles C. Bassine Co., Inc., in May, 1936, to October 31, 1942, on the original $25,000 invested as capital in Charles C. Bassine Co., Inc., and was computed after deducting all expense items of the business, including salaries. Petitioner filed a gift tax return reporting the settlement he made with his wife, on the advice of Joe Yaspan and Sam Weissman, petitioner's attorney and auditor, respectively. Petitioner was advised to file a gift tax return because his wife's interest in the business prior to October 31, 1942 was not evidenced in writing and it would be troublesome and expensive to establish that no gift had been made. The amount of the gift tax was approximately $300, and petitioner paid this amount to avoid making an issue over whether the settlement was a gift. The existing limited partnership was dissolved as of October 31, 1942. A new partnership was formed, effective November 1, 1942, in which petitioner and Arthur Yaspan *83 were general partners and L. V. Myles, Beulah K. Bassine and Aileen S. Yaspan were limited partners. Under the provisions of this agreement, Beulah K. Bassine was to contribute $50,000. Her contribution was made in the form of a check dated November 2, 1942, for the sum of $50,000, drawn on her individual bank account to the order of Mylan Manufacturing Co., and deposited in the partnership account. The new partnership was formed pursuant to the Limited Partnership Law of the State of New York. A certificate, as required by law, was filed on November 5, 1942, in the office of the County Clerk of New York County, and duly published as required by law. The capital contribution of petitioner to the new partnership was in excess of $200,000, with the privilege of withdrawing any amount in excess of $50,000. A substantial amount was withdrawn by petitioner in 1943 to pay income taxes. Upon the execution of the partnership agreement dated October 26, 1942, notice was given to banks, credit offices, insurance companies and other interested persons that Beulah K. Bassine was a limited partner in the business, and all necessary documents were changed in accordance with the new partnership *84 agreement. The partnership organized on November 1, 1942 continued to operate as a partnership throughout the year 1944 and thereafter until its organization was merged into that of a corporation, and all persons having capital interests in the partnership, including Beulah K. Bassine, received their participation in the capital stock of the newly formed acquiring corporation, which was issued in exchange for the partnership property. The partnership profits allocable to each of the respective partners were computed in accordance with the formula set forth in the partnership agreement. Each of the general partners was entitled to a salary up to $20,000, computed on a basis of net sales, and deducted as an expense of the business. The following amounts were paid to Charles C. Bassine as a salary for the periods as indicated: 11-1-36 to 10-31-37
$ 4,000
11-1-37 to 10-31-38
6,500
11-1-38 to 10-31-39
9,000
11-1-39 to 10-31-40
18,000
11-1-40 to 10-31-41
20,000
11-1-41 to 10-31-42
20,000
11-1-42 to 10-31-43
20,000
11-1-43 to 10-31-44
20,000
The share of the profits, computed in accordance with the partnership agreement and distributed to Beulah K. Bassine, *85 was deposited in her individual bank account and was used by her for her personal investments and purposes. No part of such profits was returned to petitioner or used for the payment of household or living expenses or to discharge petitioner's individual liability. Beulah K. Bassine's share of the profits of the partnership entered into October 26, 1942, for the fiscal year ended October 31, 1944, amounted to $81,218.59. In determining the deficiency, the respondent included the amount of $81,218.59 in the taxable income of petitioner. Throughout the calendar year 1944, Beulah K. Bassine, wife of petitioner, was a bona fide member of the partnership business under the name of Mylan Manufacturing Co. Opinion The sole issue presented is whether Beulah K. Bassine, wife of petitioner, in the taxable year 1944 was a bona fide partner in the limited partnership business conducted under the name of Mylan Manufacturing Co. The partnership here involved does not present the usual family partnership arrangement, as it relates to Federal taxation. Other parties unrelated to petitioner were members, and the form and substance of the partnership under the laws of the State of New York *86 are not challenged. The respondent's attack in this proceeding puts in issue only the interest of petitioner's wife, Beulah K. Bassine. At the hearing the respondent conceded that petitioner's wife invested $5,000 of her own funds in the original business established by her husband in 1936. That such investment and the increment thereon remained in the business throughout the various forms under which it was carried on, until the present partnership was formed in October 1942, is not disputed. In view of these uncontested facts, it is difficult to discern any sound basis for concluding that Beulah K. Bassine was not a bona fide member of the partnership. Petitioner and his wife testified that when the latter furnished $5,000, or 20 per cent of the capital which was invested in 1936, at the time petitioner originally embarked in the manufacturing business, they had an oral understanding that the profits and losses were to be shared on a basis of 20 per cent to Beulah K. Bassine and 80 per cent to petitioner. This agreement continued in effect until the partnership agreement of October 26, 1942 was executed. On the basis of such understanding, petitioner requested his accountant to *87 determine the amount of Beulah K. Bassine's interest. The accountant reported that her 20 per cent interest was $58,822.28. Petitioner thereupon settled with his wife by turning over funds aggregating $58,500, which she deposited in her individual bank account. The respondent argues that the amount paid by petitioner to Beulah K. Bassine represented not more than $12,741.79 of capital originating with her, and that the difference represented a gift. The record, we think, contradicts the gift theory. On November 2, 1942, petitioner's wife drew her check in the amount of $50,000, payable to the order of Mylan Manufacturing Co., representing her contribution as a limited partner, pursuant to the partnership agreement dated October 26, 1942. This check was deposited on November 2, 1942 in the bank account of the partnership. Later, petitioner filed a gift tax return reporting the settlement with his wife as a gift. The record establishes that petitioner objected to filing a gift tax return but was prevailed upon by his attorney to do so because there was no written evidence to support Beulah K. Bassine's interest, and petitioner was advised he might have difficulty in convincing the *88 Bureau of Internal Revenue that he had not made a gift. The gift tax was approximately $300, and petitioner consented to file the return and pay the tax rather than assume the task and expense of establishing the fact that no gift had been made. Under such circumstances, we think, no particular significance is to be attached to the filing of a gift tax return. The record further establishes that all the profits properly distributed to Beulah K. Bassine in accordance with the partnership agreement were received and deposited in her individual bank account and were devoted to her personal use. No part thereof was returned or loaned to petitioner nor was any part used to discharge any obligations of petitioner or applied to the support and maintenance of his family. Beulah K. Bassine's interest was that of a limited partner and, therefore, she could have no voice in the management of the business. The record, however, clearly establishes that capital was a material income-producing factor. Furthermore, the partnership agreement provided that the general partners were to be paid substantial salaries, which were to be deducted before the distributable profits were to be ascertained. *89 In view of the concession that Beulah K. Bassine had made a substantial contribution of her own personal funds to the partnership, and that she had received and had sole control of her distributable share of the partnership profits, we think she was in fact a bona fide partner within the "test" laid down by the Supreme Court in the case of . Therefore, we have found as a fact and hold that petitioner's wife was a bona fide member of the partnership conducted under the name of Mylan Manufacturing Co., throughout the taxable year 1944. The respondent erred in taxing to petitioner Beulah K. Bassine's share of the profits of such partnership in the taxable year 1944. Decision will be entered under Rule 50.